IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SEALS-IT, INC. | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | Civil Action No.: |
| | ) | |
| ALLOY USA, LLC. | ) | |
|     Defendant | ) | |

**COMPLAINT**
**AND**
**DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff Seals-It, Inc. ("Seals-It") and, for its Complaint, alleges as follows:

**THE PARTIES**

1. Plaintiff Seals-It, Inc. is a corporation organized under the laws of the State of Connecticut, with a usual place of business at 164 Maple Street, Ellington, Connecticut.

2. Defendant Alloy USA, LLC. ("Alloy USA") is a limited liability company organized under the laws of the State of California, having a usual place of business at 524 Malloy Court, Corona, California.

1

## JURISDICTION AND VENUE

3. This Court has exclusive jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §§ 1338(a) whereas Seals-It's claims arise under an Act of Congress relating to patents.

4. This Court has personal jurisdiction over Alloy USA.

5. Venue is appropriate under 28 U.S.C. §§ 1391(b), (c) and 1400(b).

## THE ASSERTED PATENT

6. Seals-It is the assignee and owner of United States Patent No. 5,709,387, entitled "Axle Seal," which issued to Matczak *et al* on January 20, 1998, on an application filed January 14, 1994 (the "387 Patent").

## CLAIM I

### INFRINGEMENT OF THE '387 PATENT BY ALLOY USA

7. Seals-It incorporates paragraphs 1 – 6, *supra*, by reference and realleges them as if originally set forth herein.

8. Alloy USA has infringed and continues to infringe the '387 Patent by making, using, selling, offering to sell and/or importing products covered by claims of the '387 Patent within this District and elsewhere, and will continue to do so unless enjoined therefrom

by this Court.

9. As a direct and proximate result of Alloy USA's infringing acts, Seals-It has suffered and will continue to suffer damages, including damages that are causing it irreparable harm.

10. The aforementioned infringement is knowing and willful.

WHEREFORE, World Properties and Rogers demand that this Court:

a. Preliminarily and permanently enjoin the Defendant from violating 35 U.S.C. § 271 by infringing the '387 Patent, all pursuant to 35 U.S.C. § 283;

b. Award Plaintiff its actual damages, all pursuant to 35 U.S.C. § 284;

c. Award Plaintiff treble damages, all pursuant to 35 U.S.C. § 284;

d. Find that this case is an exceptional case within the meaning of 35 U.S.C. § 285 and award Plaintiff its costs and reasonable attorney fees; and

e. Grant Plaintiff such other relief as this Court deems just and appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS OF ITS COMPLAINT SO TRIABLE.**

Respectfully submitted,
SEALS-IT, INC.
Plaintiff

Date:  August 24, 2005

By: _____
Daniel E. Bruso, Esq.
CT. Fed. Bar No. 18666
Michael J. Rye, Esq.
CT. Fed. Bar No. 18354
CANTOR COLBURN LLP
55 Griffin Road South
Bloomfield, CT  06002
(860) 286-2929 (telephone)
(860) 286-0115 (facsimile)